UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DAYANA ILIANA SERRANO MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00037-SEB-KMB |
| | ) | |
| SCOTT A. MAPLES, JR. Sheriff of Clark County, | ) | |
| Indiana, | ) | |
| SAM OLSON Field Office Director, ICE Chicago | ) | |
| Field Office, | ) | |
| KRISTI NOEM Secretary, United States | ) | |
| Department of Homeland Security, | ) | |
| PAM BONDI Attorney General of the United | ) | |
| States, | ) | |
| DIRECTOR U.S. Immigration and Customs | ) | |
| Enforcement, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Dayana Iliana Serrano Martinez is in the physical custody of the Clark County

Sheriff at the direction of U.S. Immigration and Customs Enforcement ("ICE"). Ms. Serrano

Martinez now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking

release from custody. Dkt. 1 at 14.

For the reasons explained below, the Court grants the petition to the extent that no later

than **5:00 p.m. on February 26, 2026**, Respondents must either: (1) afford Ms. Serrano Martinaz

an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and

its regulations; or (2) release Ms. Serrano Martinez from custody, under reasonable conditions of

supervision.

## I.     Background

Ms. Serrano Martinez is a Cuban citizen. Dkt. 10-3 at 1. On January 11, 2024, the Department of Homeland Security ("DHS") placed Ms. Serrano Martinez in removal proceedings under § 240 of the Immigration and Nationality Act (INA). Dkt. 10-2 at 12. The Notice to Appear issued that date indicates that Ms. Serrano Martinez is an "arriving alien" and charges Ms. Serrano Martinez with being subject to removal pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) as "an immigrant who, at the time of application for admission, is not in possession of a . . . valid entry document . . . , a valid unexpired passport, or other suitable travel document, or document of identity and nationality." Dkt. 10-2 at 12, 15. Ms. Serrano was paroled into the United States on January 11, 2024, with an expiration date of April 18, 2025. Dkt. 10-3 at 1.

On July 25, 2025, an I-200 Warrant and a Notice and Order of Expedited Removal were issued and served on Ms. Serrano Martinez. Dkt. 10-1 at 1, 6. Also on that date, DHS asked the immigration court to dismiss Ms. Serrano Martinez's removal proceedings so that it could pursue expedited removal. Dkt. 10-2 at 5–6. Ms. Serrano Martinez states that she has been detained since this time. Dkt. 1 at 3. On August 6, 2025, the immigration court granted DHS's motion and terminated Ms. Serrano Martinez's removal proceedings. Dkt. 1-5 at 2.

Ms. Serrano Martinez states that she was placed into the "expedited removal/credible fear process[,] . . . underwent a credible fear interview[,] and was found to have a credible fear of return to Cuba." Dkt. 1 at 3–4.

On December 17, 2025, DHS issued a Notice to Appear to Ms. Serrano Martinez. Dkt. 1-4 at 2. The Notice to Appear again places Ms. Serrano Martinez in removal proceedings under § 240 of the INA and charges her with being subject to removal pursuant to 8 U.S.C.

§ 1182(a)(7)(A)(i)(I) as lacking approved identification and nationality documents. *Id.* at 5. The "arriving alien" checkbox is unmarked. *Id.* at 2.

On February 4, 2026, an immigration judge denied Ms. Serrano Martinez's request for custody redetermination, stating that the immigration court lacked jurisdiction to hold a bond hearing. Dkt. 1-3 at 2.

## II.    Discussion

Ms. Serrano Martinez argues that her current detention violates the Due Process Clause of the Fifth Amendment. The Government contends that the Court lacks jurisdiction to cancel or terminate expedited removal proceedings and that Ms. Serrano Martinez's detention is lawful.

### A.    Type of Removal Proceedings

One significant dispute between the parties is what form of removal proceedings are pending as to Ms. Serrano Martinez. She states that she is in full removal proceedings pursuant to § 240 of the INA, codified at 8 U.S.C. § 1229a, while the Government contends that she is in expedited removal proceedings under 8 U.S.C. § 1225.

In support of its position, the Government cites, generally, its first exhibit. Dkt. 10 at 6 (citing dkt. 10-1). The exhibit is eleven pages long:

- Pages one and two are the I-200 Warrant for Arrest of Alien,
- Pages three through five are the I-831 Record of Deportable/Inadmissible Alien,
- Pages 6 and 7 are the I-860 Notice and Order of Expedited Removal,
- Pages eight and nine are the I-867A Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act, and
- Pages ten and eleven are the I-867B Jurat for Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act.

Dkt. 10-1. All of these documents are dated July 25, 2025. *Id.* The Court finds that this is evidence that Ms. Serrano Martinez *was* in expedited removal proceedings, but it does not conclusively show that those proceedings are still *pending*.

Indeed, Ms. Serrano Martinez submitted with her petition a Notice to Appear—dated December 17, 2025—which states that she is in removal proceedings under § 240 of the INA, and not in expedited removal proceedings. Dkt. 1-4 at 2. Not only did Ms. Serrano Martinez attach this document to her petition, but she also stated in the petition itself that she was found to have a credible fear of returning to Cuba, so she was placed back into § 240 removal proceedings. *See* dkt. 1 at 3–4. The Government did not confront this evidence or this argument in its brief. Considering Ms. Serrano Martinez's later-dated evidence and uncontested argument, the Court concludes that Ms. Serrano Martinez is in § 240 removal proceedings and not expedited removal proceedings.

### B.    Jurisdiction

The Government contends this Court lacks jurisdiction to cancel or terminate expedited removal proceedings. Because the Court has determined that Ms. Serrano Martinez is not in expedited removal proceedings, this argument is moot.

Further, the Government's statutory argument for its position is suspect. It supports its position with citation to 8 U.S.C. § 1252(a)(2)(A) and 8 U.S.C. § 1252(g). Though § 1252(a)(2)(A) strips the Court of jurisdiction to review orders of removal under 8 U.S.C. § 1225(b)(1), Ms. Serrano Martinez is challenging her continued detention without a bond hearing and not an order of removal—under § 1225(b)(1) or any other statute.

Similarly, § 1252(g) provides that the Court cannot hear claims arising from the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. 8

U.S.C. § 1252(g). Again, Ms. Serrano Martinez's petition for writ of habeas corpus is about her *detention*, and not about the proceedings commenced against her, the adjudication thereof, or the execution of a removal order, so § 1252(g) does not constrain the Court. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 840–41 (2018) (detention claims are not barred merely because they arise in the context of removal proceedings); *Reno v. American-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999) (adopting the narrow interpretation of § 1252(g) that it "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'").

The Court has jurisdiction to decide the merits of this case.

## C.     Lawfulness of Detention

The Government's position that Ms. Serrano Martinez's detention is lawful is erroneously premised on her being in expedited removal proceedings. Because Ms. Serrano Martinez, a noncitizen who was living in the interior of the United States when she was detained, is in the "full removal" process under § 240 of the INA, her detention is governed by 8 U.S.C. § 1226. *See, e.g.*, *Marez Villagomez v. Noem*, No. 1:26-cv-89-SEB-KMB, dkt. 9 at 5–6 (S.D. Ind. Jan 27, 2026); *Tercero Argueta v. Mills*, No 4:25-cv-229-SEB-KMB, dkt.12 at 10 (S.D. Ind. Dec. 9, 2025).

Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on—
>>
>>> (A) bond . . . ; or
>>>
>>> (B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure [her] release if [she] can convince the officer or immigration judge that [she] poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Accordingly, because Ms. Serrano Martinez's detention is governed by § 1226, she is entitled to a bond hearing under that statute but has not received one. Thus, her detention is currently unlawful.

### D.    Scope of Relief

Ms. Serrano Martinez is entitled to habeas relief because her continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Ms. Serrano Martinez requests immediate release from custody. Dkt. 1 at 14. In her reply, Ms. Serrano Martinez also proposes the alternative relief of the Court holding her bond hearing. Dkt. 13 at 17.

Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to

secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Ms. Serrano Martinez's immediate release and instead orders Respondents to provide her an individualized bond hearing as required by § 1226(a) and its regulations. This is because it is not Ms. Serrano Martinez's detention itself that is unlawful; it is her detention *without a bond hearing* that violates the law. Thus, the remedy appropriate to the violation is to provide her with that bond hearing.[1] Furthermore, as § 1226(a) bond hearings are held before immigration judges, it would be improper and not appropriate to the violation for this Court to hold that hearing.

### III.    Conclusion

The Court **grants with relief different than requested** the petition and **orders** that no later than **5:00 p.m. on February 26, 2026**, Respondents must either: (1) provide Ms. Serrano Martinez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Ms. Serrano Martinez from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on March 2, 2026**, Respondents must file documentation certifying that they have provided Ms. Serrano Martinez with a bond hearing, **including apprising the Court of the results of the hearing**. If Respondents release Ms. Serrano Martinez, then they must **file documentation certifying her release**. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: _____2/24/2026_____

_(signature: Sarah Evans Barker)_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Ms. Serrano Martinez may also be attempting to claim entitlement to immediate release from custody under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Dkt. 1 at 8; dkt. 13 at 13. The *Zadvydas* case considers the constitutional boundaries of detention once a there is a final removal order. *Id.* at 700–01. There is no argument or authority presented to the Court to suggest that the *Zadvydas* analysis applies here, where no final order of removal is in place, so the Court finds that *Zadvydas* does not require a different remedy.

Distribution:

All electronically registered counsel